### 13110.   ELLIOTT *v.* THE STATE.

LUKE, J. Where an indictment for cheating and swindling alleged that the defendant drew drafts for a stated sum on a non-resident mercantile concern, and induced a bank of this State to cash them, by falsely representing that he had express authority from the drawee to draw such drafts and that they would be paid on presentation, etc., the lack of such authority from the drawee to make the drafts is an essential element of the alleged offense. Mere proof that the drawee did not pay the drafts when payment was demanded by a bank in the city of the drawee's residence will not suffice to establish the defendant's alleged lack of authority from the drawee to draw them. Where, in such a case, the cashier of the bank cashing the drafts testified to all the alleged representations, adding that "those statements made by the defendant were false and fraudulent," but it clearly appears from his testimony as a whole that he had no connection with or knowledge of the business of the drawee or of its relation to or communications with the defendant, such testimony will not suffice to establish the defendant's alleged lack of authority from the drawee to draw the drafts. Nor will the two circumstances together sufficiently establish the allegation   There being in this case no other proof offered to establish this essential allegation of the indictment, the verdict of guilty was without evidence to support it, and it was error to deny the defendant's motion for a new trial. *Judgment reversed. Broyles, O. J., and Bloodworth, J., concur.*

DECIDED MARCH 7, 1922.

Indictment for cheating and swindling; from Berrien superior court — Judge Dickerson. November 18, 1921.

*R. A. Hendricks,* for plaintiff in error.

*J. D. Lovett, solicitor-general,* contra.